829 F.2d 546
 41 Ed. Law Rep. 1270
 LEAGUE OF UNITED LATIN AMERICAN CITIZENS, COUNCIL NO. 4386
and the Black Advisory Council, etc., et al.,
Plaintiffs-Appellees,
v.
MIDLAND INDEPENDENT SCHOOL DISTRICT, Joseph Golding, Ronald
Britton, Joyce Sherrod, and Joseph Reed, et al.,
Defendants-Appellants.
 Nos. 86-1710, 86-1775.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 30, 1987.
Rehearing Denied Oct. 28, 1987.
 
 Charles Tighe, Rick Strange, Julie E. Vaughan, Cotton, Bledsoe, Tighe & Dawson, Midland, Tex., for defendants-appellants.
 Tom E. Johnson, Midland, Tex., for intervenor-M-Pac.
 Joanne DeWitt, Midland, Tex., for intervenor-Midland Women's Polit. Caucus.
 Sam Flores, Midland, Tex., for intervenor-Hispanic Chamber of commerce.
 Rolando L. Rios, San Antonio, Tex., William L. Garrett, Dallas, Tex., for plaintiff-appellees.
 Ernest Davis, for intervenor-Our Lacy of Guadalupe.
 Roy Marshall, Midland, Tex., for Parents in Control.
 Oralia Corrales, for intervenor-Mexican American Advisory Council.
 Richard A. Mendenhall, Midland, Tex., for Midland Awareness.
 T. Gerald Treece, Houston, Tex., for all intervenors.
 C. Robert Heath, Ann Clark Snell, Austin, Tex., for amicus on behalf of defendant-appellant--Texas Assoc. of School Boards.
 Harvey Cargill, Jr., Deborah Sterling Burleson, Asst. City Atty., Abilene, Tex., for amicus on behalf of defendant-appellant--City of Abilene.
 George J. Korbel, Jesse Roy Botello, San Antonio, Tex., for amicus on behalf of plaintiff-appellee--Mexican American Legislative Caucus.
 Frank R. Parker, Washington, D.C., for amicus on behalf of plaintiff-appellee--Civil Rights Under Law.
 Appeals from the United States District Court for the Western District of Texas.
 Before CLARK, Chief Judge, WISDOM,* GEE, RUBIN, REAVLEY, POLITZ, RANDALL, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, HILL and JONES, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Midland Independent School Board brought this appeal only to urge that the legislative deference owed by the federal courts required that one of the Board's redistricting proposals be put into effect rather than the district court's own plan. We have reconsidered the case en banc, vacating the panel opinion reported at 812 F.2d 1494, and now reject the appeal on the ground that these plans of the Board were contrary to state law and not entitled to legislative deference.
 
 
 2
 The Texas statute authorizes the Board to redistrict but only by a plan that allocates no fewer than 70% of the board members to election from single member districts. Tex.Educ. Code Ann. Sec. 23.024(b) (Vernon 1987). Neither of the Midland ISD Board's proposals below met that requirement.
 
 
 3
 To salvage the Board's plans, it is argued that the statute provides this limitation only if the board acts upon "its own motion" whereas this Board acted upon motion of the court. Whatever the Texas law may otherwise mean, in this case the Board did not act on any order of the court. Rather, the Board voluntarily joined with the plaintiffs in agreeing to a court order eliminating the district's original at-large election system and advising the court that the Board would exercise its "legislative prerogative" and submit a redistricting plan.
 
 
 4
 It is further argued that under Supreme Court decisions state law objections may not be allowed to justify denying priority to redistricting plans proposed by local boards. See McDaniel v. Sanchez, 452 U.S. 130, 152, 101 S.Ct. 2224, 2237, 68 L.Ed.2d 724 (1981).[1] We do not read the Court to be saying that a state entity may violate all state law and yet argue legislative deference to a federal court. See, e.g., Wise v. Lipscomb, 437 U.S. 535, 544, 98 S.Ct. 2493, 2499, 57 L.Ed.2d 411 (1978). In our case the legislative policy has been set by the Texas legislature. Compare Wise, 437 U.S. at 544 n. 8, 98 S.Ct. at 2499 n. 8 ("The record suggests no statutory, state constitutional, or judicial prohibition upon the authority of the City Council to enact a municipal election plan under the circumstances such as this...."). That express policy is that board redistricting have, whether by the board or voter initiative, at least 70% single member districts. Tex.Educ. Code Ann. Sec. 23.024(b) & (d). Under Texas law on its own motion the Board may not provide to the contrary. The attempt of the Board to redistrict into four or three single member districts is contrary to controlling Texas legislative policy and the Board's action is, therefore, not entitled to deference by the federal court.
 
 
 5
 Having rejected the points of the appeal, we affirm the district court's judgment.
 
 
 6
 AFFIRMED.
 
 
 7
 WISDOM, Circuit Judge, with whom ALVIN B. RUBIN, Circuit Judge, joins specially concurring:
 
 
 8
 I concur in the result the Court reached in its en banc opinion in this case. My concurrence does not imply any change in the views I expressed in the panel opinion.
 
 
 
 *
 Judge Wisdom, now a senior judge of this circuit, is participating as a member of the panel initially deciding the appeal now subject to en banc review. 28 U.S.C. Sec. 46(c) (1982)
 
 
 [1]
 There is no preclearance issue before us. Failure to preclear was not raised as an issue in the district court, nor was it raised on appeal